UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EWELL ROBERTS,

        Plaintiff,                                               Hon. Paul L. Maloney

v.                                                           Case No. 1:08 CV 458

TOM MARSH, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendants' Motion to Dismiss and/or for Summary Judgment, (dkt. #16), and Defendant Sherry's Motion to Dismiss, (dkt. #27). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' Motion to Dismiss and/or for Summary Judgment, (dkt. #16), be **granted in part and denied in part** and Defendant Sherry's Motion to Dismiss, (dkt. #27), be **granted**.

**BACKGROUND**

        The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On July 27, 2007, Plaintiff went to health services because he was experiencing "stomach and bowel pain." Defendant Sherry "examined [Plaintiff] and poked around his stomach and told [Plaintiff] he was having a bladder spasm." Sherry instructed Plaintiff to return to his cell and rest.

        Between July 27, 2007, and July 29, 2007, two other prisoners, Clarence Montague and Mark Grover, "looked in on Plaintiff." During this time, Montague and Grover both observed that

Plaintiff's "skin tone was blueish." Montague and Grover each reported Plaintiff's condition to Defendants Roberts, Mier, Pluskhat, Hackenjos, and Nelson and requested that they examine Plaintiff because he required "immediate medical attention." None of these Defendants checked on Plaintiff during this time period. On July 29, 2007, Plaintiff was taken to a hospital where he underwent "emergency surgery."

Plaintiff initiated this action on May 16, 2008, against eight individuals, alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks monetary damages against Defendants in both their official and personal capacities. Defendants now move for dismissal and/or summary judgment.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357

(6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery."  *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."  *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Id.* at 353-54.  In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.** **Defendants Marsh and Hudson** (Dkt. #16)

In his complaint, Plaintiff alleges that Defendant Marsh communicated with health services on his behalf and on another occasion provided inaccurate information to his mother concerning the seriousness of his condition. The only allegation that Plaintiff makes against Defendant Hudson is that Hudson informed Plaintiff's mother that "if she wanted more information [about Plaintiff's condition] Plaintiff would have to put a Release Form in his records."

Defendants Marsh and Hudson both move to dismiss Plaintiff's claims on the ground that such fail to state a claim on which relief may be granted. In response, Plaintiff asserts that "dismissal of Defendants Tom Marsh and Leonzo Hudson is proper." The Court agrees. Even if the allegations against these Defendants are accepted as true, they fail to state a claim on which relief may be granted. The Court recommends, therefore, that Plaintiff's claims against Defendants Marsh and Hudson be dismissed.

**II.** **Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson** (Dkt. #16)

A. Official Capacity Claims

Plaintiff has sued Defendants in both their personal and official capacities seeking monetary damages only. Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson assert that they are

entitled to immunity under the Eleventh Amendment as to those claims asserted against them in their official capacity.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

As previously noted, Plaintiff seeks only monetary relief in this action. The Court finds that Defendants are entitled to immunity as to Plaintiff's claims for monetary damages against them in their official capacity. Accordingly, the Court recommends that Plaintiff's claims for monetary damages

asserted against Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson in their official capacity be dismissed.

### B.  Personal Capacity Claims

As previously noted, Plaintiff alleges that between July 27, 2007, and July 29, 2007, Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson were informed that Plaintiff required "immediate medical attention." Plaintiff asserts that these Defendants took no action in response to this information. Defendants assert that they are entitled to summary judgment and qualified immunity as to Plaintiff's personal capacity claims.

#### 1.  Summary Judgment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle*, 429 U.S. at 101-02. Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of

serious harm." *Farmer*, 511 U.S. at 834.  If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

Defendants assert that they are entitled to summary judgment because they did not act with a sufficiently culpable state of mind.  Specifically, Defendants assert that Plaintiff "was under the care of medical professionals when he was ill over a period of several days [in] July of 2007." Defendants further assert that they "were justified in believing that the Plaintiff was in capable hands, until July 30, 2007, when inmate Grover informed Defendant Pluskhat that the Plaintiff appeared extremely ill."

In support of their position, Defendants have identified authority that stands for the proposition that a prison official cannot be found to have acted with deliberate indifference if he fails to act because he believes that the prisoner was receiving adequate care from health professionals.  *See Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("[i]f a prisoner is under the care of medical experts. . .a non-medical prison official will generally be justified in believing that the prisoner is in capable hands"); *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (prison officials entitled to qualified

immunity because "they were entitled to rely upon the medical treatment of CMS nurses once they obtained medical care for [the prisoner]"); *Johnson v. Doughty*, 433 F.3d 1001, 1011-12 (7th Cir. 2006) ("[a] non-medical prison official. . .cannot be held 'deliberately indifferent simply because [he] failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor'").

The Court recognizes that a prison official *may* avoid liability under the Eighth Amendment if he, in response to a prisoner's request for medical treatment, relies on the treatment decisions of a medical professional who is treating the prisoner. The shortcoming in Defendants' argument is that they have failed to present evidence that they acted in reliance on care Plaintiff was allegedly receiving from medical professionals. Defendants have presented no evidence that they had actual knowledge, *at the time they acted or were asked to act*, that Plaintiff was receiving (or had received) treatment by medical professionals. Simply put, Defendants cannot establish that they acted in reliance on a fact without first establishing their knowledge of that fact. In the absence of such evidence, the Court finds Defendants' argument unavailing. The Court, therefore, recommends that Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson are not entitled to summary judgment as to Plaintiff's Eighth Amendment claims asserted against them in their personal capacity.

2. Qualified Immunity

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated. *Id.* Generally,

when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The question of whether a defendant enjoys qualified immunity is a question of law for the Court to resolve. *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001); *Bell-Bey v. Williams*, 87 F.3d 832, 836 (6th Cir. 1996).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. At step one, the Court determines whether the plaintiff's allegations, construed in the light most favorable to the plaintiff, establish a violation of his constitutional rights. *See Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity. *See Callahan*, 129 S.Ct. at 816. On the other hand, if the plaintiff's allegations demonstrate a violation of his constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted. The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right." *Id.*

Where neither the motion for qualified immunity nor the opposition thereto is supported by evidence, the first step of the qualified immunity analysis focuses on the allegations in the plaintiff's complaint and whether such state a claim for violation of the plaintiff's constitutional rights. If, on the other hand, the motion for qualified immunity and/or the opposition thereto are supported by evidence, such must be considered pursuant to the summary judgment standard articulated above. Thus, if the evidence submitted by the parties demonstrates the existence of a genuine factual dispute, the resolution of which is essential to determining whether the defendant violated the plaintiff's constitutional rights,

qualified immunity is not warranted.  However, if the evidence establishes that the defendant did not violate the plaintiff's constitutional rights, qualified immunity is appropriate.  *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007) (officer entitled to qualified immunity where evidence was such that "no reasonable jury" could have concluded that officer violated the plaintiff's constitutional rights).

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself."  *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177-78 (6th Cir. 1988)).  In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting."  *Fisher*, 398 F.3d at 845-46 (quoting *Seiter*, 858 F.2d at 1177).  A single idiosyncratic opinion from another circuit's court of appeals, however, is insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question.  *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

In determining whether a defendant is entitled to qualified immunity, the focus is on the objective legal reasonableness of his actions in light of clearly established law as it existed when he engaged in the challenged conduct.  *See Anderson*, 483 U.S. at 640; *Harlow*, 457 U.S. at 818; *Fisher,* 398 F.3d at 845.  Accordingly, the Court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Fisher*, 398 F.3d at 845 (quoting *Saucier*, 533 U.S. at 202).

Finally, while it "is often appropriate" to evaluate qualified immunity claims by analyzing the two steps (identified above) in sequence, such is no longer mandated.  *See Callahan*, 129

S.Ct. at 818. As the *Callahan* Court recently stated, "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

As discussed in the preceding section, Defendants have failed to establish that they did not violate Plaintiff's Eighth Amendment rights. Moreover, a reasonable official would have known that denying a prisoner medical treatment as Plaintiff alleges violates the Eighth Amendment. Accordingly, the Court recommends that Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson are not entitled to qualified immunity.

**III.         Defendant Sherry**  (Dkt. #27)

In his complaint, Plaintiff asserts that on July 27, 2007, he was examined by Defendant Sherry. Plaintiff asserts that Defendant Sherry "examined him and poked around his stomach and told him he was having a bladder spasm." Plaintiff further asserts that Sherry "sent Plaintiff back to his housing unit and told him to rest and not to worry, the spasms would go away." Plaintiff alleges that Defendant Sherry's "failure to act caused [him] significant injury requiring surgery." Sherry asserts that Plaintiff's claim against him must be dismissed for failure to state a claim on which relief may be granted. The Court agrees.

Plaintiff acknowledges that he was examined by Defendant Sherry, but simply disagrees with Sherry's medical judgment. While such disagreement may support a claim for medical malpractice, it does not implicate the Eighth Amendment. *See, e.g., Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does

not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment). Accordingly, the Court recommends that Defendant Sherry's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion to Dismiss and/or for Summary Judgment</u>, (dkt. #16), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff's claims against Defendants Marsh and Hudson be dismissed and that Plaintiff's official capacity claims against Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson be dismissed, but that Plaintiff's personal capacity claims against Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson go forward. The undersigned further recommends that <u>Defendant Sherry's Motion to Dismiss</u>, (dkt. #27), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

Date:  June 22, 2009                         /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge