UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EWELL ROBERTS,

       Plaintiff,                                          Hon. Paul L. Maloney

v.                                                       Case No. 1:08 CV 458

TOM MARSH, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #81). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **denied**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On July 27, 2007, Plaintiff went to health services because he was experiencing "stomach and bowel pain." Defendant Sherry "examined [Plaintiff] and poked around his stomach and told [Plaintiff] he was having a bladder spasm." Sherry instructed Plaintiff to return to his cell and rest.

Between July 27, 2007, and July 29, 2007, two other prisoners, Clarence Montague and Mark Grover, "looked in on Plaintiff." On July 27, 2007, Montague observed that Plaintiff's "skin tone was blueish." On July 29, 2007, Grover observed that Plaintiff's "arm and face [were] blue." Montague reported Plaintiff's condition to Defendants Roberts, Plushkat, and Mier, whereas Grover reported

Plaintiff's condition to Defendants Roberts, Mier, Pluskhat, Hackenjos, and Nelson. Montague and Grover both requested that Defendants check on Plaintiff because he required "immediate medical attention." Despite being informed that Plaintiff was exhibiting a blue complexion, none of the Defendants took any action on Plaintiff's behalf. On July 29, 2007, Plaintiff was taken to a hospital where he subsequently underwent "emergency surgery."

Plaintiff initiated this action on May 16, 2008, against eight individuals, alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks monetary damages against Defendants in both their official and personal capacities. Defendants subsequently moved for relief. (Dkt. #16, 27). On June 22, 2009, the undersigned recommended that: (1) Plaintiff's claims against Defendants Marsh, Hudson, and Sherry be dismissed; (2) Plaintiff's official capacity claims against Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson be dismissed, but that Plaintiff's personal capacity claims against Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson go forward; and (3) Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson were not entitled to qualified immunity. (Dkt. #30). This recommendation was adopted by the Honorable Paul L. Maloney. (Dkt. #42). Defendants Hakenjos, Mier, Nelson, Plushkat, and Roberts again move for summary judgment.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient

opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of

the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**ANALYSIS**

As noted above, Plaintiff alleges that between July 27, 2007, and July 29, 2007, Defendants were informed that he required "immediate medical attention." Despite being informed that Plaintiff's skin had turned blue, Defendants failed to take any action on Plaintiff's behalf. On July 29, 2007, Plaintiff was taken to a hospital where he later underwent surgery. Defendants have submitted evidence that Plaintiff underwent abdominal surgery on August 2, 2007. Plaintiff asserts that Defendants' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.

**A.     Eighth Amendment Standard**

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle*, 429 U.S. at 101-02. Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

When evaluating the objective prong of this analysis, the Court must first determine whether the alleged injury or medical need is "obvious," i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004); *see also, Cain v. Irvin*, 286 Fed. Appx. 920, 927 (6th Cir., July 17, 2008). If the injury or medical need is obvious, the question becomes whether the plaintiff received treatment "within a reasonable time." *See Blackmore*, 390 F.3d at 899-900 (where the plaintiff's injury or medical need is obvious, he satisfies the objective prong of the analysis by demonstrating that "he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame"). If, on the other hand, the injury or medical need is not obvious, the plaintiff must submit "medical evidence" demonstrating that the delay or denial of treatment "resulted in additional injury." *Cain*, 286 Fed. Appx. at 927; *see also, Blackmore*, 390 F.3d at 898 (where a plaintiff with a "minor or non-obvious" condition asserts a claim of deliberate indifference, "medical proof" is necessary to assess whether the delay or denial of treatment "caused a serious medical injury").

If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to

-6-

abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

### B. Objective Prong

As discussed above, Plaintiff alleges that on July 27, 2007, Clarence Montague reported to Defendants Roberts, Plushkat, and Mier that Plaintiff required medical care because his "skin tone was blueish." Plaintiff also alleges that two days later Mark Grover reported to Defendants Roberts, Mier, Pluskhat, Hackenjos, and Nelson that Plaintiff required medical care because his "arm and face [were] blue." Plaintiff alleges that in response to such Defendants failed to take any action on his behalf. Plaintiff has also attached to his complaint an affidavit executed by Mark Grover, the contents of which mirror the allegations in Plaintiff's complaint. Plaintiff has also submitted what purports to be an affidavit executed by Clarence Montague. However, because this particular document is neither notarized nor subscribed under penalty of perjury, it cannot properly be considered evidence.[1]

Defendants assert that they are entitled to summary judgment because "Plaintiff has failed to place verifying medical evidence in the record to establish that any delay in medical treatment had a detrimental effect on his health." The Court rejects this argument. As discussed above, the objective prong of the analysis is satisfied where the plaintiff fails to receive reasonably timely treatment for a serious medical condition. Plaintiff asserts that on the two days in question his skin was blue and that in response to being informed of such, Defendants took no action. Mark Grover's affidavit supports Plaintiff's allegations. Defendants offer no evidence to the contrary.

---

[1] As is well recognized, "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) (quoting *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001)). Affidavits may be submitted in support of or opposition to a motion for summary judgment. *See* Fed. R. Civ. P. 56(e). To be admissible, however, in a summary judgment proceeding an affidavit must either: (a) be "sworn to before an officer authorized to administer an oath, such as a notary public, or (b) be "an unsworn declaration which is dated and signed by the declarant" and "subjects the declarant to penalties of perjury." *Trapaga v. Central States Joint Board Local 10*, 2007 WL 1017855 at *2 (N.D. Ill., Mar. 30, 2007) (citations omitted); *see also*, *McConnell v. Ritz-Carlton Watertower*, 39 Fed. Appx. 417, 420 (7th Cir., June 5, 2002) (in resolving motion for summary judgment, court properly rejected statements that "were not notarized or subscribed under penalty of perjury"); *Howell v. New Mexico Department of Aging & Long Term Services*, 2010 WL 3965927 at *4 (10th Cir., Oct. 12, 2010) (same).

Defendants have submitted an affidavit executed by Dr. Thomas Morgan, who performed surgery on Plaintiff on August 2, 2007. (Dkt. #82, Exhibit D). Defendants have also submitted the treatment notes produced during Plaintiff's hospital stay. (Dkt. #82, Exhibit C). The following assertions are contained in the doctor's affidavit. Plaintiff "was transferred from Riverside Correctional Facility to Ionia County Memorial Hospital on July 30, 2007," for treatment of "nausea, vomiting and lower abdominal pain" which he had been experiencing "for two weeks." Upon admission, Plaintiff did not require "immediate surgical intervention." The doctor first examined Plaintiff on July 31, 2007, and began treating him with antibiotics the following day. By August 2, 2007, Plaintiff's "condition had changed significantly in that his abdomen was quite tender and now quite distended." Plaintiff underwent surgery later that day.

Aside from noting that Plaintiff had been experiencing nausea, vomiting, and lower abdominal pain for two weeks prior to admission, Dr. Morgan makes no assertions regarding Plaintiff's condition during the time period in question. Likewise, the medical records submitted by Defendants, aside from noting that Plaintiff had been experiencing nausea, vomiting, and lower abdominal pain for two weeks, shed no light on Plaintiff's condition during the time period in question. In sum, the evidence submitted by Defendants reveals that for two weeks prior to being admitted to the hospital, Plaintiff had been experiencing nausea, vomiting, and lower abdominal pain, which necessitated surgery only a few days after the time period in question. If anything, the evidence submitted by Defendants supports Plaintiff's allegations that between July 27, 2007, and July 29, 2007, he was experiencing a serious medical condition in response to which Defendants were obligated to take reasonable action.

Defendants make much of Dr. Morgan's assertion that "even if I had seen [Plaintiff] two-seven days earlier, the course of his medical and surgical treatment would not have differed since no

acute or surgical abdomen would have been present." This statement fails to advance Defendants' cause, however. At most, this statement supports the conclusion that Plaintiff did not require surgery on the dates in question. However, the fact that Plaintiff may not have required *surgery* on the dates in question in no way supports the argument that Plaintiff's condition at such time was not serious.

In sum, the Court finds that when a person's complexion turns blue such constitutes a condition "so obvious that even a lay person would easily recognize the necessity for a doctor's attention" or other appropriate action. Defendants have failed to introduce evidence that Plaintiff was not experiencing a serious medical condition during the time period in question. Accordingly, the undersigned concludes that Defendants have failed to demonstrate the absence of a genuine factual dispute as to this prong of the analysis.

### C. Subjective Prong

Defendants assert that "there is no Eighth Amendment violation because Plaintiff has failed to establish each defendant possessed a sufficiently capable state of mind." In support of this assertion, Defendants rely on an excerpt from Plaintiff's deposition. (Dkt. #82, Exhibit F). Such fails to advance Defendants' cause.

In his deposition, Plaintiff testified that the "week before I went into the hospital I had made four trips over to Health Care for the same symptoms." Plaintiff further testified that during each of these visits, he was examined and told that "they couldn't find anything wrong." Defendants assert that "[c]learly, based upon Plaintiff's own testimony, Defendants were not deliberately indifferent to Plaintiff's medical needs." The Court disagrees.

Defendants appear to be reasserting an argument unsuccessfully advanced in their previous motion for summary judgment. As the undersigned previously stated:

> Defendants assert that they are entitled to summary judgment because they did not act with a sufficiently culpable state of mind. Specifically, Defendants assert that Plaintiff "was under the care of medical professionals when he was ill over a period of several days [in] July of 2007." Defendants further assert that they "were justified in believing that the Plaintiff was in capable hands, until July 30, 2007, when inmate Grover informed Defendant Pluskhat that the Plaintiff appeared extremely ill."
>
> In support of their position, Defendants have identified authority that stands for the proposition that a prison official cannot be found to have acted with deliberate indifference if he fails to act because he believes that the prisoner was receiving adequate care from health professionals. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("[i]f a prisoner is under the care of medical experts. . .a non-medical prison official will generally be justified in believing that the prisoner is in capable hands"); *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (prison officials entitled to qualified immunity because "they were entitled to rely upon the medical treatment of CMS nurses once they obtained medical care for [the prisoner]"); *Johnson v. Doughty*, 433 F.3d 1001, 1011-12 (7th Cir. 2006) ("[a] non-medical prison official. . .cannot be held 'deliberately indifferent simply because [he] failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor").
>
> The Court recognizes that a prison official *may* avoid liability under the Eighth Amendment if he, in response to a prisoner's request for medical treatment, relies on the treatment decisions of a medical professional who is treating the prisoner. The shortcoming in Defendants' argument is that they have failed to present evidence that they acted in reliance on care Plaintiff was allegedly receiving from medical professionals. Defendants have presented no evidence that they had actual knowledge, *at the time they acted or were asked to act*, that Plaintiff was receiving (or had received) treatment by medical professionals. Simply put, Defendants cannot establish that they acted in reliance on a fact without first establishing their knowledge of that fact. In the absence of such evidence, the Court finds Defendants' argument unavailing. The Court, therefore, recommends that Defendants Roberts, Hakenjos, Pluskhat, Mier, and Nelson are not entitled to summary judgment as to Plaintiff's

Eighth Amendment claims asserted against them in their personal capacity.

(Dkt. #30).

This conclusion was adopted by the Honorable Paul L. Maloney. (Dkt. #42). The deposition excerpt on which Defendants rely fails to establish that Defendants were aware of either the fact that Plaintiff had been examined or the results of such examinations. Such evidence likewise fails to establish that Defendants failure to take action when informed that Plaintiff's complexion had turned blue was in reliance on the belief that Plaintiff was already receiving adequate medical care. Furthermore, as Judge Maloney previously observed, even if Defendants could establish that they were aware that Plaintiff had previously been examined and/or treated, such may not entitle them to summary judgment:

> it does not follow. . .that so long as prison guards know that an inmate is under the care of prison medical professionals, it can *never* be deliberate indifference for them to fail to check on the prisoner or to fail to respond in a timely fashion if that check shows an obvious possibility of a medical problem. Guards and other non-medical prison staff may be *generally* entitled to rely on the supervision and judgment of medical personnel who they know are treating a prisoner. But there are circumstances that may make it deliberately indifferent for them to continue merely incanting, "He's under the care of a doctor or nurse, he *must* be ok."
>
> For example, if the prisoner's skin appears blue or he appears short of breath for no apparent reason, or his appearance otherwise suggests to a layperson that the prisoner may need medical attention, guards cannot simply leave the prisoner to his possible fate on the theory that he has been receiving regular medical care and is "in capable hands." The judgment of the medical personnel necessarily is based on the information available to them when they last saw the prisoner and/or last reviewed his file. It is generally absurd for guards to assume that medical staff are aware of the prisoner's condition *at the current moment*: how would a doctor or nurse who examined a prisoner even an hour ago know that *at this minute*, without his presence, the prisoner appears to be experiencing signs/symptoms of a medical problem?

(Dkt. #42).

The undersigned concludes, therefore, that Defendants have failed to demonstrate the absence of a genuine factual dispute as to this prong of the analysis.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #81), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 7, 2011 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge